## COATES v. UNITED STATES.

### No. 9898.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 14, 1949.

Decided March 21, 1949.

CLARK, Circuit Judge, dissenting.

———◆———

Mr. Octave Bigoness, of Washington, D. C., for appellant.

Mr. Joseph F. Lawless, Asst. U. S. Atty. of Washington, D. C., with whom Mr. George Morris Fay, U. S. Atty. and Mr. John D. Lane, Asst. U. S. Atty., of Washington, D. C., were on the brief, for appellee.

Mr. Sidney S. Sachs, Asst. U. S. Atty., of Washington, D. C., also entered an appearance for appellee.

Before CLARK, PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant was indicted, tried and convicted upon a charge of robbery. He moved for a new trial on the basis of newly-discovered evidence. The motion was denied, and he appealed.

The prosecution consisted of the testimony of the complaining witness. He recited that on the night of the alleged crime he was in a room where a crap game was in progress, the defendant being one of the players; that he (the complainant) had $75 in his pocket; that Coates hit him in the head, cutting his forehead, took his money, and threw him out of the house. He said that he later returned to the house with a police officer, that the game was still going on, and that on the table, in the pot, was a $20 bill with blood on it. He said he called attention to the bill and identified it as his. He knew it was his, he said, because he had had two twenties and the blood was from the cut on his forehead. On both direct and cross examination, he insisted on the identity of the $20 bill, saying, "I called the whole house's attention to it". This was the key to the charge of robbery. It was the sole bit of concrete evidence of the crime. The only other witnesses for the prosecution were an employee of the hospital where the complainant's wound was treated and a police officer who arrested the defendant six weeks later on a warrant. No policeman who had been present on the night of the alleged robbery was presented.

In an affidavit attached to the motion for a new trial, counsel for the defendant said that prior to the trial he had been three times to the police precinct station in an effort to get some information as to the officer who had accompanied the complainant to the scene of the alleged crime, but that no record of the incident could be found; that the defendant himself went to the precinct at a change of shifts in an unsuccessful effort to identify the officer. Counsel recited further that after the trial he went back to the precinct and persisted until, finally, two officers located the inci-

dental, which identified the policeman in question as Officer Baucom. Counsel stated that this officer refused to give an affidavit but said that he would state in court "that there was no twenty dollar bill on the table, as stated by Hill, but a five dollar bill, two ones and some change."

When counsel presented his motion for a new trial, he proffered the testimony of Officer Baucom, the officer being then present in court. The trial court declined to hear the testimony, and in this we think it erred.

The testimony of the complaining witness as to the presence, and the identity, of the $20 bill with blood on it, was an important feature of the Government's case. Had the officer been present and testified as the affidavit of counsel said he would, it might very well have raised a reasonable doubt with the jury as to the defendant's guilt.

It seems to us that the evidence of the policeman was "newly discovered" within the meaning of the rule. That evidence was within the control of the prosecution. Counsel for the defendant certainly showed diligence in trying to ascertain it. It was an odd event that the prosecutor rested his case upon the testimony of one witness and did not produce the officer who actually saw so much of the affair. Whether or not it was incumbent upon the Government to have the officer there, it certainly was reasonable for the defense to expect him to be present and to testify. Moreover, the defense could not know what the complainant's testimony would be until after it was given, and so would have no cause to inquire of the officer beforehand. There was no reason for the defense to anticipate the course followed by the prosecution. In any event, it seems to us that the interests of justice require that the court know what this policeman would say about the critical feature of the case, to which he was a witness.

The case will be remanded to the District Court, with leave to the appellant to renew the motion for a new trial on the ground of newly-discovered evidence. The District Court is instructed to entertain the motion, if so renewed, and to receive the testimony of Officer Baucom. It is further instructed that if that officer should testify substantially as his statement is represented in the affidavit of defense counsel, a new trial should be granted.

Remanded with instructions.

CLARK, Circuit Judge (dissenting).

I do not regard the presence of the bloodstained $20 bill as essential in view of the other evidence in the case. Nor do I consider the entirely negative testimony imputed to the policeman by counsel as essential.